UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAMAL ALY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 08-40099-FDS |
| ) | |
| MOHEGAN COUNCIL–BOY SCOUTS ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a civil action alleging workplace discrimination and constructive discharge on the basis of national origin and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Mass. Gen. Laws ch. 151B, §4.  Plaintiff Kamal Aly was employed by defendant Mohegan Council-Boy Scouts of America from August 2001 through November 2005.  Aly, who is an Egyptian-American and a Muslim, contends that he was denied training opportunities and appropriate compensation, and ultimately pressured to resign, because of his religion and national origin.  He is proceeding *pro se*.

Defendant has moved under Fed. R. Civ. P. 12(b)(5) to dismiss the complaint for insufficient service of process.  For the reasons stated below, the motion will be denied without prejudice.

**I.      Analysis**

     **A.      The Rules for Service of Process**

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The Federal Rules of Civil Procedure set forth the acceptable methods by which service of process can be effected.[1] Under Rule 4(h), there are two ways in which a corporation, partnership, or association—as opposed to an individual defendant—can be served within a judicial district of the United States: (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts), or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(A) & (B).

The Massachusetts rules for service are substantially similar to the second option under the federal rules. Service can be made upon "a domestic corporation (public or private), a foreign corporation subject to suit within the Commonwealth, or an unincorporated association subject to suit within the Commonwealth under a common name" in two ways: "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by

---

[1] Although it is not clear from the face of the complaint, defendant appears to concede that it is a corporation, partnership, or association for purposes of service of process. (Def. Mem. at 2) (invoking Fed. R. Civ. P. 4(h)).

2

appointment or by law to receive service of process." Mass. R. Civ. P. 4(d)(2).

Accordingly, in order to effect proper service, at the very least plaintiff would have had to deliver a copy of the summons and complaint to some *person* affiliated with the defendant. That person could be an officer, a managing agent, a general agent, the person in charge at the location where service was attempted, or an agent specially authorized to receive service of process; but the recipient of process must be a person. Under the Federal Rules, such service has to take place within 120 days after the complaint is filed or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," although "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### B.     Plaintiff's Attempts to Effect Service

When the sufficiency of process is challenged under Rule 12(b)(5), as defendant does here, plaintiff bears "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). Plaintiff has not met that burden here.

The complaint in this action was filed on May 23, 2008. The 120-day period under Rule 4(m) expired on September 20, 2008, which was a Saturday. Under Fed. R. Civ. P. 6(a)(3), plaintiff therefore had until the following Monday, or September 22, to serve process on defendant. Plaintiff represents that he attempted service on three separate occasions, all of them before the time limit expired. First, on Sunday, July 20, 2008, plaintiff "dropped the paper work inside the Mohegan Council Building from the front door at: 19 Harvard Street, Worcester, MA." (Pl. Opp. at 1). Second, on August 22, 2008, he "served the paper work again by register[ed] mail." *Id.* Finally, on September 15, 2008, he "served the paper work one more

time via register[ed] mail with return card." *Id.* The docket reflects a return of an executed summons on September 22, 2008. In the proof of service, plaintiff states that he served the summons and complaint on August 25, 2008, and September 15, 2008, by registered mail on the defendant and the defendant's attorney. Plaintiff has also submitted a U.S. Postal Service return receipt addressed to the law office of LeClair Ryan in Boston, Massachusetts that appears to have been signed for on September 17th.[2]

None of plaintiff's three attempts satisfied the requirements of either the federal or state rules for service of an entity such as the Mohegan Council. Leaving the summons and complaint at defendant's offices, and sending the complaint by registered mail, are insufficient. *See Henry v. Cooper Univ. Hosp.*, 2008 U.S. Dist. LEXIS 71235, at *2 (D.N.J. Sept. 17, 2008) ("[C]ertified mail did not comply with the requirements set forth in Rule 4(h)(1), Fed. R. Civ. P.").[3] Furthermore, although defendant has not objected to this specifically, the Court notes that plaintiff himself attempted service on each occasion. As Aly is a party to this action, he is not permitted to serve process under Fed. R. Civ. P. 4(c)(2). Massachusetts law regarding service by mail and service by parties is to the same effect: "Except [with regard to exceptions not relevant here] service of all process shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; [or] by some person specially appointed by the court for that purpose . . . . Notwithstanding the provisions of this paragraph (c), wherever in these rules service is permitted to be made by certified or registered mail, the mailing may be

---

[2] The Court notes that defendant is represented in this matter by two attorneys affiliated with LeClair Ryan, P.C., at the address listed on the return receipt card.

[3] Serving a law firm believed to represent the defendant is not sufficient unless the defendant has waived formal service and designated that law firm to receive process on its behalf. On the record before the Court, defendant did neither here.

accomplished by the party or his attorney." Mass. R. Civ. P. 4(c). Rule 4(d)(2), however, does not permit service by certified or registered mail. Thus, as it stands, service that complies with Rule 4 has not been effected and the 120-day time period has now elapsed.

### C.     Extending the Time for Service

#### 1.     Extension for Good Cause

Defendant contends that there is no "good cause" for plaintiff's failure to serve process in a timely manner. Nor has plaintiff explicitly asked for a good cause extension. Instead, his opposition implicitly seeks the court's indulgence in light of his *pro se* status: "As the court know[s], I didn't hire [an] attorney yet, and I did the service three times and I did the register[ed] mail after I spoke with the Court Clerk office, I'm asking the court to take the case to the next level." (Pl. Opp. at 1).

"Good cause is likely (but not always) to be found when the plaintiff[']s failure to complete service in [a] timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], *or the plaintiff is proceeding pro se* or in forma pauperis. Pro se status or any of the other listed explanations for a failure to make timely service, however, is not automatically enough to constitute good cause for purposes of Rule 4(m)." *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (emphasis added) (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)).

Although he made repeated efforts, plaintiff did not "complete[] all of the steps within [his] power necessary to effectuate such service." *Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st

Cir. 1993) (finding that plaintiffs reasonably relied on the deputy sheriff's sworn representations in the return of service).  But plaintiff *is* proceeding *pro se* and rules of service of process are certainly not intuitive.  Moreover, relatively recent amendments to Rule 4(m) "were meant to introduce a more liberal regime, particularly to benefit pro se litigants whose good faith missteps in effecting service might unfairly deprive them of their day in court."  *McIsaac*, 193 F. Supp. 2d at 384.  *But see Bartz v. Adrian*, 169 Fed. Appx. 241 (5th Cir. 2006) ("Pro se status and ignorance of the relevant rules of service do not excuse a plaintiff's failure to effect service.").

### 2. **Discretionary Extension of Time**

Even if plaintiff's missteps do not amount to good cause such that the Court *must* grant plaintiff an extension of time, the Court nonetheless has discretion under Rule 4(m), even absent a showing of good cause, to extend the time for service.  *Oyama v. Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)).  That appears to be the appropriate course here for several reasons.

First, there is no evidence of dilatory motive or bad faith on plaintiff's part.  Second, defendant has not pointed to any prejudice it would suffer if the time for service was extended; indeed, defendant obviously received actual notice of the action at some point.[4]  Third, the existence of a prior MCAD investigation with conclusions adverse to defendant suggests that it should come as little surprise to the Mohegan Council that it now faces litigation brought by this plaintiff.  (*See* Compl. Ex. A).  "[T]he fact that Defendant herein has notice of the nature of Plaintiff's claims discounts any minimal risk of prejudice that might result from the limited

---

[4] Approximately two weeks after the 120-day period expired, counsel affiliated with the law office to which plaintiff had mailed process less than a month earlier appeared on its behalf and filed the present motion.

extension of time to file that the Court has determined to authorize." *Henry*, 2008 U.S. Dist. LEXIS 71235, at *6-*7.

Plaintiff is therefore directed to effect service in compliance with Rule 4 no later than 10 days after entry of this order. *See Henry*, 2008 U.S. Dist. LEXIS 71235, at *6 (exercising discretion to deny defendant's 12(b)(5) motion without prejudice to renewal if *pro se* plaintiff fails to properly serve defendant within ten days).[5]

## II.     Conclusion

For the foregoing reasons, defendant's motion to dismiss is DENIED without prejudice to its renewal if plaintiff fails to effect service in compliance with this Order. Plaintiff is hereby directed to effect proper service in accordance with Fed. R. Civ. P. 4 within 10 days of the entry of this Order.

**So Ordered.**

   /s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: April 20, 2009

---

[5] This would appear to resolve the present motion. Defendant, however, also contends that the complaint is time-barred and that it will file an additional motion to dismiss on this basis if necessary. (Def. Mem. at 4 n.1). Because the Court lacks complete information concerning the limitations issue at this time, the Court will not address the issue until defendant so moves and plaintiff has an opportunity to respond.